1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   MEHRAN SABERI, et al.,                      CASE NO. 10CV1985 DMS (BGS)
12                          Plaintiffs,          **ORDER GRANTING PLAINTIFFS'**
                vs.                              **AMENDED MOTION TO**
13                                               **REMAND TO STATE COURT**
                                                 **AND DENYING AS MOOT**
14   WELLS FARGO HOME MORTGAGE, et               **DEFENDANT'S MOTION TO**
     al.,                                        **DISMISS**
15                          Defendants.
16
17
18          Pending before this Court are Defendant Wells Fargo Bank, N.A.'s motion to dismiss
19   Plaintiffs' complaint and Plaintiffs' amended motion to remand to state court.  For the following
20   reasons, the amended motion to remand is granted.  Because the action is to be remanded to state court,
21   the Court denies the motion to dismiss as moot.
22                                              **I.**
23                                      **BACKGROUND**
24          On August 18, 2010, Plaintiffs filed a Complaint against Wells Fargo Home Mortgage and
25   Wells Fargo & Company in San Diego Superior Court.  On September 22, 2010, Defendants removed
26   the action to this Court.  (Doc. 1.)  They subsequently filed a motion to drop Wells Fargo & Company
27   as a dispensable, non-diverse Defendant and claimed Wells Fargo Bank, N.A. is the proper Defendant
28   to the action.  (Doc. 4.)  Plaintiffs did not oppose the motion to drop and acknowledged Wells Fargo

Bank is the proper Defendant. (Mot. to Remand at 2.) Defendants filed a motion to dismiss the Complaint on October 26, 2010. (Doc. 7.) The following week, Plaintiffs filed a motion to remand and an amended motion to remand the action to state court. (Docs. 9, 11.) An opposition and a reply were filed to both the motion to dismiss and the amended motion to remand. (Docs. 13, 15, 16, 17.)

**II.**

**DISCUSSION**

**A.     Motion to Remand**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)(citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441.

Defendants here removed the action on the basis of diversity jurisdiction. It is undisputed that Plaintiffs are citizens of California. Defendant Wells Fargo Bank, N.A., a national banking association, claims that it is a citizen only of South Dakota, where it has designated its main office. Plaintiffs do not contest that Wells Fargo Bank is a citizen of South Dakota. Rather, they argue it is also a citizen of California, which they claim, and Wells Fargo Bank does not contest, is its principal place of business.

"All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. At issue here is where a national banking association is to be deemed "located" pursuant to § 1348.

1   Defendant contends the Supreme Court resolved that issue in *Wachovia Bank, N.A. v. Schmidt*, 546

2   U.S. 303 (2006), and determined, for purposes of diversity jurisdiction, a national banking association

3   is a citizen only of the state in which it has designated its main office in its articles of incorporation.

4   In contrast, Plaintiffs assert the holding in *Schmidt* was limited to rejecting the approach of considering

5   a national banking association a citizen of every state in which it maintains a branch.  Plaintiffs argue

6   the Supreme Court in *Schmidt* did not express a view as to, let alone reject, the approach adopted in

7   several circuits of considering a national banking association to be a citizen of both the state in which

8   it has designated its main office and the state in which it maintains its principal place of business.  *See*

9   *Horton v. Bank One, N.A.*, 387 F.3d 426 (5th Circuit 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982

10  (7th Cir. 2001).  Although both of these decisions predate the Supreme Court's decision in *Schmidt*,

11  the Court agrees with Plaintiffs that the approach of considering a national banking association to be

12  a citizen of both the state in which it has designated its main office and the state where it has its

13  principal place of business is not precluded by the holding in *Schmidt*.

14      The Court in *Schmidt* declined to reach the issue of whether the word "established" in the first

15  sentence of § 1348 should be read to include a national banking association's principal place of

16  business as a state of citizenship, citing the opinions in *Horton* and *Firstar*.  546 U.S. at 315 n.8.  The

17  Court did note the distinction between the statutes governing citizenship of a corporation and

18  citizenship of a national banking association, stating:

19          To achieve complete parity with state banks and other state-incorporated entities, a
            national banking association would have to be deemed a citizen of both the State of its
20          main office and the State of its principal place of business.  See *Horton*, 387 F.3d, at
            431, and n. 26; *Firstar Bank, N.A.*, 253 F.3d at 993-994.  Congress has prescribed that
21          a corporation "shall be deemed to be a citizen of any State by which is has been
            incorporated *and* of the State where it has its principal place of business."  28 U.S.C.
22          § 1332(c)(1) (emphasis added).  The counterpart provision for national banking
            associations, § 1348, however, does not refer to "principal place of business"; it simply
23          deems such associations "citizens of the States in which they are respectively located."
            The absence of a "principal place of business" reference in § 1348 may be of scant
24          practical significance for, in almost every case, as in this one, the location of a national
            bank's main office and of its principal place of business coincide.
25

26  *Schmidt*, 546 U.S. at 317 n.9.  However, in referencing the statutory distinction, the Supreme Court

27  did not go so far as to prohibit the interpretation set forth in *Horton* and *Firstar*, but rather merely

28

1   noted that the difference in statutory language "may be of scant practical significance." *Id.*[1]

2   Having determined the Supreme Court's decision in *Schmidt* not to have precluded the

3   approach of considering a national banking association to be a citizen of both the state in which it has

4   designated its main office and the state where it has its principal place of business, the Court must look

5   to the proper approach to be applied in this case. Since the Ninth Circuit has not spoken directly on

6   this issue, the Court looks to the decisions of the Fifth and Seventh Circuits. The Court is persuaded

7   by the reasoning of the opinions in *Horton* and *Firstar* and follows such reasoning in this case. *See*

8   *also Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *1-2

9   (C.D. Cal. Nov. 24, 2008); *Wells Fargo Bank, N.A. v. Langa Air, Inc.*, No. 10-cv-480 MJR (PMF), at

10  *2 (S.D. Ill. Oct. 25, 2010); *King v. Union Planters Bank, N.A.*, Nos. 01-cv-186Wsu, 04-cv-853LN,

11  at *2-3 (S.D. Miss. Aug. 15, 2006). Accordingly, for purposes of diversity jurisdiction, Wells Fargo

12  Bank is both a citizen of South Dakota, where it has designated its main office, and California, where

13  it has its principal place of business. *Mount*, 2008 WL 5046286, at *1; *see also Jojola v. Wells Fargo*

14  *Bank, N.A.*, No. C71-900 (SAW), 1973 WL 158166, at *1 (N.D. Cal. May 2, 1973); *Wells Fargo Bank,*

15  *N.A. v. Siegel*, No. 05 C 5635, 2005 WL 3482236, at *2 (N.D. Ill. Dec. 15, 2005); Answer to

16  Complaint in *Miles v. Wells Fargo Mortgage Co.*, No. 06-cv-1991 (MHP) (N.D. Cal. July 31, 2006).

17  As both Plaintiffs and Defendant Wells Fargo Bank are citizens of California, no diversity jurisdiction

18  exists and the case is remanded to State Court.

19  **B.    Motion to Dismiss**

20  Because the Court finds there is not complete diversity among the parties and grants Plaintiffs'

21  motion to remand the action to state court, Defendant's motion to dismiss is denied as moot.

22  //

23  //

24  //

25

---

26  [1]    The Court recognizes, as Defendant points out, that other courts have interpreted the
Supreme Court's holding in *Schmidt* to be that a national banking association is a citizen only of the

27  state in which it has designated its main office in its articles of association. *See Nguyen v. Wells Fargo Bank, N.A.*, No. C 10-4081 (EDL), 2010 WL 4348127, at *4-5 (N.D. Cal. Oct. 27, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, No. CV 10-1390 (JF)(HRL), 2010 WL 2382404, at *2-4 (N.D. Cal. June 9,

28  2010); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 314-22 (S.D.N.Y. 2006). However, the Court is not persuaded by the reasoning of these cases.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION

For the foregoing reasons, Plaintiffs' amended motion to remand is granted.  Because the action is to be remanded to state court, Defendant's motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

DATED:  January 20, 2011

_____
HON. DANA M. SABRAW
United States District Judge

10cv1985